UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES MCCRANEY                                              CIVIL ACTION

VERSUS                                                      NUMBER: 17-17076

P/O THOMPSON, ET AL.                                        SECTION: "F"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, James McCraney, against Defendants, Officers Thompson and Schuh of the New Orleans Police Department ("NOPD") and the unidentified Shift Supervisor of the aforementioned two officers. (Rec. docs. 1, pp. 1, 4; 8).

Plaintiff is an inmate of the Richwood Correctional Center in Monroe, Louisiana, who was previously incarcerated at the Orleans Justice Center ("OJC")(formerly known as the Orleans Parish Prison) as a result of the incident complained of herein. Plaintiff alleges that on April 15, 2017, he was wrongfully arrested by Officers Thompson and Schuh and charged with aggravated assault based solely on the word of the victims to that crime notwithstanding that, in truth and fact, the purported victims had actually assaulted and injured him. (Rec. doc. 1, pp. 8-12). As a result of the officers' alleged failure to properly and thoroughly investigate the circumstances of the crime, while under the supervision of the unnamed shift supervisor, Plaintiff asserts that he was falsely arrested without probable cause for a crime that he did not commit. (*Id.*). In addition to his claim under §1983, Plaintiff invokes the supplemental jurisdiction of the court and sues all of the Defendants in their official and individual capacities. (*Id.* at p. 9). He seeks compensatory and punitive damages

and the lodging of any appropriate criminal charges against the named Defendants. (*Id.* at p. 12).

As noted earlier, Plaintiff has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 8). A proceeding brought *in forma pauperis* may be dismissed if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C.§1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case is that he was arrested and charged with aggravated assault based solely on the word of the victims and without a proper investigation being conducted by the named Defendant police officers. With respect to the charge for which Plaintiff was arrested, a review of the docket master in case No. 534426 on the docket of the Criminal District for the Parish of Orleans (available at www.opcso.org) reveals that on June 29, 2017, Plaintiff, attended by counsel, pled guilty to the charged offense and was sentenced to 75 days at OJC with credit for time served.[1]

Irrespective of the fact that the sentence that was imposed on the charge that Plaintiff was arrested for and subsequently convicted of has expired, *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), the Court must analyze his claims against the backdrop of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and its progeny. The Fifth Circuit recently had occasion to again consider the effect of *Heck*, as follows:

> In *Heck*, the Supreme Court considered the effect of a criminal conviction on a plaintiff's §1983 claim. It held that a plaintiff is not permitted to use a §1983 suit to challenge …[the] validity of his or her conviction unless the plaintiff

---

[1] As Plaintiff was arrested on April 15, 2017, because he was given credit for time served, his 75-day sentence effectively expired on the same day that it was imposed.

2

>shows that the conviction has been reversed or invalidated. *Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364; *see Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Under the holding of *Heck*, if a judgment in the plaintiff's favor on a §1983 claim "would necessarily imply the invalidity of his [or her] conviction or sentence," the claim is barred. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). *Heck*'s bar extends to convictions obtained through guilty pleas. *See*, e.g., *id.* at 375-76.
>
>                              *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017).

The Fifth Circuit has also "… specifically noted that false arrest … claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed.Appx. 578, 583 (5th Cir. 2012)(citing *Wells v. Bohner*, 45 F.3d 90, 95 (5th Cir. 1995)).

In the instant case, Plaintiff does not allege that his aggravated assault conviction has been invalidated as *Heck* requires. Given that he ultimately pled guilty to the charge for which he was arrested, allowing him to proceed with his false arrest claim would necessarily implicate the validity of his conviction because the same conduct that formed the probable cause for his arrest also provided the basis for his conviction. *Thomas*, 681 Fed.Appx. at 406; *Cormier*, 493 Fed.Appx. at 583-85; *Wallace v. City of Slidell*, No. 15-CV-0383, 2016 WL 1223065 at *2 (E.D. La. Mar. 28, 2016), *aff'd*, 671 Fed.Appx. 354 (5th Cir. 2016). *See also Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999)(*Heck* bars §1983 recovery since conviction for aggravated assault necessarily implies that there was probable cause for arrest). The same result obtains with respect to Plaintiff's state law claim for false arrest. *Thomas*, 681 Fed.Appx. at 408-09; *Cormier*, 493 Fed.Appx. at 584-85; *Wallace*, 2016 WL 1223065 at *2. For these reasons, it will be recommended that Plaintiff's case be dismissed for failure to state a claim under §1915(e)(2)(B)(ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  9th  day of _____ April _____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.